UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARCUS D. MAYS,

                Plaintiff,

v.

H. ORTIZ,

                Defendant.
_____/

Case No. 1:26-cv-1101

Honorable Hala Y. Jarbou

### OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is duplicative of another action that Plaintiff filed in this Court, which remains pending.

**Discussion**

## I.      Factual Allegations

In Plaintiff's complaint, he presents claims regarding events that occurred while he was incarcerated at the Ionia Correctional Facility (ICF). Plaintiff names ICF Correctional Officer H. Ortiz as the sole Defendant in this action. (Compl., ECF No. 1, PageID.1.) Plaintiff's complaint in the present action is essentially word-for-word identical to the complaint that Plaintiff filed in Action No. 1:26-cv-1118 in this Court.[1] Action No. 1:26-cv-1118 remains pending.

## II.     Duplicative Filing

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

---

[1] The only difference between the two complaints is that the page setting forth Plaintiff's requested relief and the signature page are missing from the present complaint but are included in the complaint filed in Action No. 1:26-cv-1118. *See* Compl., *Mays v. Ortiz*, No. 1:26-cv-1118 (W.D. Mich. Apr. 6, 2026), (ECF No. 1).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Here, considering the substantial similarities between the legal claims and factual allegations in the present action and in Action No. 1:26-cv-1118, the Court concludes that the present complaint is duplicative of the complaint in Action No. 1:26-cv-1118 with regard to all of Plaintiff's claims. Therefore, pursuant to the Court's inherent power and the screening provisions

of the PLRA, Plaintiff's complaint will be dismissed on the grounds that it is wholly duplicative and, therefore, frivolous.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: May 1, 2026                          /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE